JUDGE CASTEL



07 CV 11127

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
PANAMERICAN TANKERS INC.

          Plaintiff,

- against -

ANDORRA SHIPPING PTE LTD. and
W-O MARINE PTE LTD.

          Defendants.
------------------------------------------------------X

07 CV
ECF CASE

RECEIVED DEC 10 2007 U.S.D.C. S.D. N.Y. CASHIERS

## VERIFIED COMPLAINT

Plaintiff, PANAMERICAN TANKERS INC. ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendants, ANDORRA SHIPPING PTE LTD. ("ANDORRA") and W-O MARINE PTE LTD. ("W-O MARINE"), ("Defendants"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Liberia and was the time charterer of the MT CHEM PISCES TBR MT W-O HANHAN ("Vessel").

3.    Upon information and belief and at all material times, Defendant Andorra was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Singapore, and was the Disponent Owner of the Vessel.

4.    Upon information and belief, the name of the Disponent Owner of the Vessel was changed from Andorra to W-O Marine Pte Ltd. on or about January 2, 2007.

5. Upon information and belief and at all material times, Defendant W-O Marine was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Singapore, and became the Disponent Owner of the Vessel pursuant to a name change described above.

6. Pursuant to the terms of a Shelltime 4 Charter Party with Riders, dated June 29, 2006, the Plaintiff chartered the Vessel from the Defendants for a period of "12 + 12 MOS +/- 30 DAYS."

7. The charter party required the Charterer to pay hire 30 days in advance, less hire that relates to off hire periods, charges for Owner's account, and other items specifically outlined within the charter party.

8. The Charterer has paid all charter hire in advance as required by the charter party terms.

9. The Owners have failed to maintain the Vessel in proper condition as required under the charterparty and, as a result, the Vessel has been off-hire on numerous occasions, some of them for extended periods, entitling Charterers to terminate the charter party, which option was exercised by Charterers on 5 December 2007.

10. By virtue of Owners failure to properly maintain the Vessel, Charterers are specifically entitled by the terms of the charter party to a refund for overpayment of hire, and also to damages that are a direct result of Owners various breaches of the charter party.

11. The Owners have failed to refund the Charterers overpayments of hire and have breached the charter party agreement.

12. The Plaintiff is entitled to a refund of the charter hire payments in the total principal amount of **$653,175.24** in overpayment of hire, exclusive of interest, arbitration costs and attorney's fees.

13. As a result of the Defendants' breaches of the charter party, the Plaintiff has suffered damages which amount is not yet determinable and the Plaintiff reserves its rights to increase the amount of security sought in this action.

14. The charter party provides that any disputes arising thereunder shall be referred to the English courts with English law to apply.

15. The Plaintiff is preparing to take necessary action to commence proceedings in the English High Court.

16. Despite due demand, the Defendants have failed to refund the overpayment of charter hire that is now due and owing to the Plaintiff.

17. Interest, costs and attorneys' fees are routinely awarded to the prevailing party pursuant to English Law. As best as can now be estimated, Plaintiff expects to recover the following:

| | | |
|---|---|---|
| A. | Principal claim: | $653,175.24 |
| B. | Estimated interest on claims:<br>3 years at 6.5%, compounded quarterly | $139,392.55 |
| C. | Estimated attorneys' fees and court costs:<br>(£97,778.50, converted to USD) | $200,000.00 |
| **Total** | | **$992,567.79** |

18. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees within the District which are believed to be due and owing to the Defendants.

19. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any property of the Defendants held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$992,567.79.**

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$992,567.79** belonging to, due or being transferred to, from, or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendants' name(s) or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to N.Y. CPLR Article 53, *et seq.* this Court recognize and confirm any final judgment from the English Court in Plaintiff's favor against the Defendants as a judgment of this Court;

D. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E. That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: December 10, 2007
New York, NY

The Plaintiff,
PANAMERICAN TANKERS INC.

By: /s/ Claurisse Campanale Orozco

Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated: December 10, 2007
New York, NY

_____
Claurisse Campanale-Orozco